# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MALCO ENTERPRISES OF NEVADA, INC., <br><br>               Appellant, <br><br> vs. <br><br> ALELIGN WOLDEYOHANNES, <br><br>               Respondent. | Case No.: 85978 <br><br> Electronically Filed<br>Dec 13 2024 09:59 AM<br>Elizabeth A. Brown<br>Clerk of Supreme Court <br><br> **RESPONDENT'S <br> MOTION TO ISSUE THE <br> DECEMBER 5, 2024 OPINION <br> AS A PUBLISHED OPINION** |

BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
MICHAEL C. KANE. ESQ.
Nevada Bar No.: 10096
BRANDON A. BORN, ESQ.
Nevada Bar No. 15181
**THE702FIRM**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone: (702) 776-3333
Facsimile: (702) 505-9787
E-Mail:     service@the702firm.com

Jonathan L. Hilton, Esq.
Nevada Bar No. 16889
**Hilton Parker LLC**
Tel: (614) 992-2277
Fax: (614) 927-5980
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
jhilton@hiltonparker.com
www.hiltonparker.com
*Attorneys for Respondent Alelign Woldeyohannes*

# NRAP 26.1 DISCLOSURE STATEMENT

The undersigned counsel of record certifies that the following are persons and entities as described in NRAP 26.1(a) and must be disclosed. These representations are made in order that the Justices of this Court may evaluate possible disqualification or recusal.

1. Alelign Woldeyohannes is an individual.

2. The702Firm represents Alelign Woldeyohannes in this Court and represented him before the District Court; Jonathan Hilton, Esq. of Hilton Parker LLC also represents him before this Court only.

DATED this 11th day of December, 2024.

**THE702FIRM**

/s/ Brandon A. Born

_____

BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
MICHAEL C. KANE. ESQ.
Nevada Bar No.: 10096
BRANDON A. BORN, ESQ.
Nevada Bar No. 15181
THE702FIRM
8335 West Flamingo Road
Las Vegas, Nevada 89147

**RESPONDENT'S MOTION TO REISSUE THE**
**DECEMBER 5, 2024 OPINION AS A PUBLISHED OPINION**

Pursuant to NRAP 36(f), Respondent Alelign Woldeyohannes respectfully moves this Court to publish its December 5, 2024 opinion.

## I. Introduction.

This Court's opinion addresses the critical intersection of Nevada's financial responsibility laws and federal preemption under the Graves Amendment. The opinion warrants publication because it provides essential guidance on a matter of significant public importance and resolves a novel federal preemption question.

## II. Legal Standard.

A motion to publish must be filed within 14 days of the Court's decision. NRAP 36(f). This Court may publish a decision if it:

(A) Presents an issue of first impression;

(B) Alters, modifies, or significantly clarifies a rule of law previously announced by either the Supreme Court or the Court of Appeals; or

(C) Involves an issue of public importance that applies to other cases.

NRAP 36(c).

If new issues would be discussed during revision of the unpublished decision, then publication is disfavored. NRAP 36(f)(4).

[ 3 ]

## III. Argument.

This Court's order — which thoroughly considers all the issues — can be converted into a published opinion without revisions. The opinion warrants publication under NRAP 36(c)'s criteria.

***Issue of First Impression.*** The opinion resolves a matter of first impression regarding whether NRS 482.305 is preempted by the Graves Amendment, codified at 49 U.S.C. § 30106(b)(1) and (2). This Court held that NRS 482.305 is a financial responsibility law preserved by the Graves Amendment's saving clause. (Opinion at 14–15.)

The Court held that NRS 482.305 is a financial responsibility law because it *requires* rental car companies to ensure their vehicles are minimally insured, rather than merely encouraging or inducing them to do so. (*Id.* at 9–10.) This analysis will provide crucial guidance to Courts and practitioners dealing with the same or similar preemption issues around the country, and publishing the opinion will provide stability and certainty to Nevada rental car businesses.

***Clarifies a rule of law.*** The opinion clarifies the scope and application of Nevada's financial responsibility laws in the context of short-term vehicle rentals, holding that NRS 482.305 operates as a financial responsibility law

[ 4 ]

rather than a vicarious liability statute. (Opinion at 14–15.) Therefore, the Nevada statute is not preempted because it falls within the Graves Amendment's savings clause. (*Id.*)

Additionally, this Court's opinion builds on its previous decision in *Hall v. Enterprise Leasing Company-West*, clarifying that although *Hall* was decided before the Graves Amendment, its analysis still applies. (*Id.* at 13.) The opinion makes clear that *Hall's* interpretation of NRS 482.305 still stands and was not overturned by Congress. Publishing the opinion would help clear up confusion among Nevada's District Courts and provide guidance to the rental car industry.

***Involves an issue of great public importance.*** The opinion answers a key question: Can Nevada require rental car companies to provide minimum insurance coverage before unleashing their fleets onto public highways? Because Nevada is a high-tourism state, the ability of injured residents to recover damages from out-of-state drivers is particularly important. Representative Graves wanted injured members of the public to have recourse, and publishing this Court's opinion would ensure that happens in this State. *See* (*id.* at 5.)

[ 5 ]

## IV.  Conclusion.

Because the opinion meets the standards for publication under NRAP 36 and would provide valuable guidance to the bench and bar of Nevada, Respondent Alelign Woldeyohannes respectfully requests that this Court designate its opinion filed on December 5, 2024 for publication.

Dated:  December 11, 2024

**THE702FIRM**

/s/ Brandon A. Born

_____
BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
MICHAEL C. KANE. ESQ.
Nevada Bar No.: 10096
BRANDON A. BORN, ESQ.
Nevada Bar No. 15181
Las Vegas, Nevada 89147

Jonathan L. Hilton, Esq.
Nevada Bar No. 16889
**Hilton Parker LLC**
Tel: (614) 992-2277
Fax: (614) 927-5980
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
jhilton@hiltonparker.com
www.hiltonparker.com

## CERTIFICATE OF COMPLIANCE

I, Brandon A. Born, do hereby certify that this motion contains fewer than ten pages, as required by NRAP 27(d)(2).

/s/ Brandon A. Born

## CERTIFICATE OF SERVICE

I do hereby certify that on December 11, 2024, I submitted the foregoing Respondent's Motion to Reissue the December 5, 2024 Opinion as a Published Opinion for filing via the Court's eFlex electronic filing system. Electronic notifications will be sent to the following:

Tamer B. Botros (Malco Enterprises of Nevada, Inc.)
Renee M. Finch (Messner Reeves LLP)
Steven G. Knauss (Messner Reeves LLP)
Scott L. Rogers (Former) (Messner Reeves LLP)

/s/ Amber Mann
an Employee of The702Firm